UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC.,

      Plaintiff,

vs                                     Case No: 13-10515
                                           Honorable Victoria A. Roberts

WEIHEONG KOH,

      Defendant.

_____/

**ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

I.     **INTRODUCTION AND BACKGROUND**

Before the Court is Plaintiff's Partially Agreed Motion to Strike Defendant

Weiheong Koh's ("Defendant") Affirmative Defenses. (Doc. 13)  It is fully briefed.

Plaintiff originally filed this copyright infringement action on February 7, 2013,

against an unidentified "John Doe" with the Internet Protocol address ("IP address")

71.205.171.57.  On April 11, 2013, after determining the identity of Defendant, Plaintiff

filed an amended complaint.  The complaint's single count is Direct Copyright

Infringement in violation of 17 U.S.C. §§ 106 and 501.  Plaintiff claims Defendant copied

and distributed original works of authorship owned by Plaintiff via a peer-to-peer file

distribution network called BitTorrent.

According to the complaint, Plaintiff discovered Defendant's infringement after

hiring IPP, Ltd. ("IPP"), to investigate and identify potential infringers.  Plaintiff says

Tobias Fieser ("Fieser"), an IPP employee, established a connection with Defendant's

IP address and downloaded portions of Plaintiff's copyrighted movies.

In his answer to the amended complaint, Defendant denies copying or distributing Plaintiff's movies.  Defendant also asserts 16 affirmative defenses.

Plaintiff filed the underlying motion to strike on June 6, 2013.  Before filing the motion, Plaintiff's counsel conferred with Defendant's counsel regarding the affirmative defenses.  According to Plaintiff, Defendant agreed to withdraw six affirmative defenses – numbers one, two, three, six, eight, and fifteen.  Defendant does not dispute this in his response.

In its motion, Plaintiff asks the Court to strike Defendant's fourth, fifth, eleventh, and thirteenth affirmative defenses.  Defendant's fourth, fifth, and eleventh affirmative defenses respectively state that Plaintiff's claims are barred: (1) "due to its own illegality and/or fraud"; (2) "due to the illegality of the claimed actions or methods involved in its complaint"; and (3) "by the doctrine of unclean hands."  In the thirteenth affirmative defense, Defendant maintains his denial of any wrongdoing, but says, in the alternative, Plaintiff's claims are barred by the doctrine of implied license because "Plaintiff authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent."

Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **DENIED**.

## II.    ANALYSIS

### A.    Legal Standard

 "The decision whether to strike an affirmative defense is wholly discretionary." *Jeeper's of Auburn, Inc. v. KWJB Enterprise, LLC*, 2011 WL 1899195, at *2 (E.D. Mich. 2011) (citation omitted).  Under Fed. R. Civ. P. 12(f), the Court "may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Court can strike an affirmative defense as "insufficient" if, "as a matter of law, the defense cannot succeed under any circumstances."  *Jeeper's of Auburn*, 2011 WL 1899195, at *1.  Notably, however, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense."  *Lawrence v. Chabot*, 182 Fed. Appx. 442, 456 (6th Cir. 2006).

   **B.     Defendant's Fourth, Fifth, and Eleventh Affirmative Defenses**

   Plaintiff says the Court should strike Defendant's fourth, fifth, and eleventh affirmative defenses under Fed. R. Civ. P. 12(f) because they are insufficient and conclusory.

   In response, Defendant says these defenses are sufficient because Fieser violated the Michigan Professional Investigator Licensure Act ("MPILA"), Mich. Comp. Laws § 338.821, *et seq.*, by investigating him and collecting data from his computer and IP address without a license.  Defendant says Fieser must maintain a professional license in Michigan to collect data from a computer network under the MPILA.

   In its reply brief, Plaintiff says its investigators, IPP and Fieser, did not violate the MPILA and are not required to be licensed in Michigan, because they do not operate within the state of Michigan.  In support of this argument, Plaintiff cites a Minnesota case involving similar investigation methods.  *See Capitol Records Inc. v. Thomas-Rasset*, 79 Fed. R. Evid. Serv. 1203, 2009 WL 1664468 (D. Minn. 2009).  In that case, the court said the Minnesota Private Detectives Act did not apply to the plaintiff's investigator because it did not operate in Minnesota and "monitoring incoming internet

3

traffic sent from a computer in another state is insufficient to constitute engaging in the business of private detective within the state of Minnesota." *Id.* at * 2.

The Court will not strike Defendant's fourth, fifth, or eleventh affirmative defenses for being insufficient or conclusory.

The holding in *Capitol Record* does not govern this case.  In that case, the court found that the Minnesota Private Detectives Act did not apply to the plaintiff's investigator.  *See Capitol Record,* 2009 WL 1664468.  In this case, Defendant raises a different law, and Plaintiff's investigator is not the same as the investigator in *Capitol Record*.  Therefore, the fact that the Minnesota law did not apply to that plaintiff's investigator has no bearing on whether the MPILA applies to IPP.

Moreover, the *Capitol Record* court made its decision one week before trial was scheduled to begin – after discovery was conducted – on the parties' motions in limine. *Id.*  Here, Plaintiff filed a motion to strike and no discovery has been conducted. Whether Defendant ultimately prevails on his defenses depends partially on answers to unresolved factual issues, such as whether the MPILA applies to Plaintiff's investigator. Because of this, it is too early for the Court to find that Defendant's fourth, fifth, and eleventh affirmative defenses cannot succeed "under any circumstances" and are insufficient as a matter of law.  *See Jeepers of Auburn*, 2011 WL 1899195, at *1-2 (a "motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits") (citation omitted).

In addition, the Court will not strike Defendant's fourth, fifth, or eleventh affirmative defenses for being conclusory.  Although Defendant's affirmative defenses

4

are stated in general terms, they are sufficient because they provide Plaintiff with fair notice of the defense.  *See Lawrence*, 182 Fed. Appx. at 456 (finding that the statement "defendants are entitled to qualified immunity for all activities complained of in this complaint" provided plaintiff notice of the defense and was sufficient to remain an affirmative defense); *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (finding that the statement "Plaintiffs' claims are barred by the doctrine of res judicata" was sufficient because it provided plaintiff notice of the defense).  The parties should address the unresolved factual issues through discovery and dispositive motions, not a motion to strike.

### C.     Defendant's Thirteenth Affirmative Defense

Plaintiff argues Defendant's thirteenth affirmative defense  – which says Plaintiff's claims are barred by the doctrine of implied license – is insufficient because Defendant failed to allege the elements necessary to find the existence of an implied license.  Plaintiff's argument fails.

"An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence*, 182 Fed. Appx. at 456.  Defendant's thirteenth affirmative defense clearly provides Plaintiff with notice of the defense.  Therefore, the affirmative defense is sufficient.  *Id.*  Moreover, because this affirmative defense raises factual issues that should be determined on a hearing on the merits, it would be improper to strike it from Defendant's answer.  *See Jeepers of Auburn*, 2011 WL 1899195, at *2.

**III.     CONCLUSION**

Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 30, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 30, 2013.

S/Linda Vertriest
Deputy Clerk